UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A. J. MINNICK,<br><br>        Plaintiff,<br><br>       v.<br><br>CITY OF VACAVILLE; and REINELDA LOPEZ,<br><br>        Defendants. | No. 2:16-cv-00397-KJM-CKD<br><br>ORDER |

        This matter comes before the court on the motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) by defendant City of Vacaville (the "City"), which argues *res judicata* preclusive effect of a prior settlement agreement. Def.'s Mot. to Dismiss ("Def.'s Mot."), ECF No. 25. For the following reasons, the City's motion to dismiss as to claims one, two and three is DENIED and as to claim four is GRANTED with leave to amend.

I.     FACTUAL ALLEGATIONS

        Plaintiff is a "qualified person with a disability" and a "physically disabled person" as defined under the Americans with Disabilities Act (the "ADA"), the Rehabilitation Act of 1973, and the California Disabled Persons Act (the "CDPA"). Compl. ¶ 6, ECF No. 1. Specifically, plaintiff is a quadriplegic who requires a wheelchair for mobility in traveling to and from work, as well as around the community. *Id.* ¶¶ 6, 17. In the City of Vacaville, plaintiff

often encounters accessibility barriers that make it difficult for him to travel safely using his wheelchair. *Id.* ¶¶ 17–19. On March 12, 2015, plaintiff was forced to ride his wheelchair in the street to avoid excessive and dangerous cross slopes on the sidewalk, placing him at risk of tipping over. *Id.* ¶ 20. While plaintiff rode in the area of the street shoulder, defendant Reinelda Lopez ("Lopez") opened the driver-side door of her parked car into the traffic lane in which plaintiff was riding. *Id.* ¶¶ 20–21. Plaintiff did not have time to respond and hit the inside of Lopez's car door. *Id* ¶ 20. As a result of the impact, plaintiff suffered injuries and property damage. *Id.* ¶¶ 22–25.

II. PROCEDURAL HISTORY

Plaintiff brought this lawsuit in this court on February 24, 2016, alleging four causes of action. Plaintiff brought the first three claims against only the City and brought the fourth claim against both defendants, the City and Lopez, as follows: (1) violation of Title II of the ADA, 42 U.S.C. § 12131; (2) violation of § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; (3) violation of the CDPA, Cal. Civ. Code § 54; and (4) negligence. The City filed a motion to dismiss on October 21, 2016, contending the first three causes of action are precluded under the doctrine of *res judicata* due to a judicially approved 2006 class action settlement agreement whereby the City agreed to address its non-ADA compliant streets and sidewalks over a thirty year period. The City moves to dismiss the claim of negligence as insufficiently pled. *See* Def.'s Mot. 9:17–10:16. Plaintiff opposes the City's motion to dismiss, Pl.'s Opp'n to Def.'s Mot. ("Pl.'s Mot."), ECF No. 26, and the City has replied, Def.'s Reply, ECF No. 27. The hearing on this motion took place on January 27, 2017, at which attorneys Mark Potter appeared for plaintiff and Eugene Elliot appeared for the City.

III. JUDICIAL NOTICE

As an initial matter, the City asks the court to take judicial notice of the following documents from a prior lawsuit in this court, *Nystrom v. City of Vacaville*, Case No. 2:04-cv-00330-MCE-EFB (E.D. Cal.), in support of its motion to dismiss:

1. July 24, 2006 Executed Settlement Agreement in *Nystrom v. City of Vacaville*, *supra*;

2. July 24, 2006 Declaration of Melissa W. Kasnitz in support of the Joint Motion for Preliminary Approval of Class Action Settlement Agreement and Certification of Settlement Class in *Nystrom v. City of Vacaville*, *supra*; and
    3. November 20, 2006 Order Granting Final Approval to Class Action Settlement in *Nystrom v. City of Vacaville*, *supra*.

Def.'s Req. for Jud. Notice 1:27–2:7, ECF No. 25-1.

The court "may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Specifically, the court "may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts." *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (citations omitted). The three documents listed above represent undisputed matters of public record on file with this federal court, *Nystrom v. City of Vacaville*, Case No. 2:04-cv-00330-MCE-EFB (E.D. Cal.), ECF Nos. 28-1, 30, and 41; therefore, their existence is judicially noticed.

The City also requests judicial notice of a document referenced by the City as "July 24, 2006 Order Granting Final Approval to Class Action Settlement in *Nystrom v. City of Vacaville*, Dkt. No. 41." Def.'s Req. for Jud. Notice 2:4–5. However, because this document is not included with the City's judicial notice attachments and there is no document by this name or docket number filed in *Nystrom v. City of Vacaville*, *supra*, it is unclear what the City means by this request, and thus, the City's request for judicial notice of this document is denied.

IV.     STANDARD FOR MOTION TO DISMISS

In considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–338 (9th Cir. 1996). Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule

12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (alterations in original) (citation omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Furthermore, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defect." *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); *see also Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

V.     DISCUSSION

    A.     *Res Judicata*

The City argues plaintiff's first three claims are barred by the doctrine of *res judicata*, because plaintiff is a member of a class that settled with the City on similar claims in 2006. Two related doctrines—claim preclusion and issue preclusion—are grouped under the term "res judicata." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). The City invokes claim preclusion, which forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Id.* (citation omitted). In other words, "[c]laim preclusion . . . bars any subsequent suit on claims that were raised or could have been raised in a prior action." *Cell Therapeutics, Inc. v. Lash Group, Inc.*, 586 F.3d 1204, 1212 (9th Cir. 2009).

When the prior action is a class action, the party seeking preclusive effect must show that precluding the subsequent action would not violate due process because the class members received adequate notice and representation in the prior action. *Frank v. United*

4

1  *Airlines, Inc.*, 216 F.3d 845, 853 (9th Cir. 2000). For a federal class action certified under Rule
2  23 of the Federal Rules of Civil Procedure, as here, the court treats preclusive effect differently
3  depending on which subsection of Rule 23 the class action is certified under. The subsections
4  relevant here are (b)(2), where the class seeks injunctive or declaratory relief, and (b)(3), where
5  the class seeks monetary damages. The class notice determines whether a subsection (b)(2)
6  "injunction" class action precludes subsequent damages claims: "Rule 23 . . . requires a higher
7  standard of notice for . . . (b)(3) [damages] class action, under which individual notice must be
8  provided to 'all members who can be identified through reasonable effort' [and because] all
9  potential members in a . . . (b)(3) [damages] class must be allowed to opt out of the class."
10  *Frank*, 216 F.3d at 851 (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974)). Notice
11  in an earlier "injunction" suit is not sufficient to preclude monetary claims in later suits. *Id.* As a
12  result, "a class action suit seeking only declaratory and injunctive relief does not bar subsequent
13  individual damage claims by class members, even if based on the same events." *Hiser v.*
14  *Franklin*, 94 F.3d 1287, 1291 (9th Cir. 1996); *see also In re TFT-LCD (Flat Panel) Antitrust*
15  *Litig.,* No. M 07-1827 SI, 2012 WL 273883, *2 (N.D. Cal. Jan. 30, 2012) ("[A] Rule 23(b)(2)
16  judgment, with its one-size-fits-all approach and its limited procedural protections, will not
17  preclude later claims for individualized relief.").

18  Here, the City entered into a judicially approved settlement agreement in 2006,
19  which addressed inaccessible conditions in the City's pedestrian rights-of-way. Settlement
20  Agreement, *Nystrom v. City of Vacaville*, Case No. 2:04-cv-00330-MCE-EFB (E.D. Cal.) (the
21  "*Nystrom* Agreement") at 1:5–13, ECF No. 28-1. The *Nystrom* Agreement defined "Class" or
22  "Class Members" as "all persons with Mobility . . . Disabilities who seek full and equal access
23  pertaining to curb cuts and sidewalks in the City of Vacaville's Pedestrian Rights of Way." *Id*. at
24  3:2–5. The *Nystrom* Agreement was a Rule 23(b)(2) "injunction" class action: "[T]his settlement
25  resolves only class claims for declaratory and injunctive relief . . . and . . . does not provide for
26  damages for any individual Class Member[] nor does it release any claims an individual Class
27  Member may have for damages." *Id*. at 8:8–12.

28

In the current suit, plaintiff Minnick, a Class Member within the definition of the *Nystrom* Agreement, now seeks damages based on injuries received due to the sidewalk conditions addressed in *Nystrom*. Even though the current suit is based on the same nucleus of facts, that of a disabled person encountering inaccessible pedestrian rights-of-way in the City and that gave rise to the *Nystrom* Agreement, the prior class action sought only declaratory and injunctive relief for Class Members, and thus does not bar subsequent individual damage claims of a Class Member. Therefore, plaintiff Minnick is not barred by *res judicata* from seeking monetary damages against the City for alleged violations of the ADA, of the Rehabilitation Act or of the California Disabled Persons Act.

B. Negligence

Plaintiff concedes his negligence claim is insufficiently pled, and seeks to file a first amended complaint. Pl.'s Opp'n 8:1–8, 8:17–20. The City does not oppose plaintiff's request. Def.'s Reply 3:12–15. Therefore, plaintiff's negligence claim is dismissed with leave to amend.

VI. CONCLUSION

For the foregoing reasons, defendant City of Vacaville's motion to dismiss as to claims one, two and three is DENIED and as to claim four is GRANTED with leave to amend. Plaintiff shall file any amended complaint consistent with this order within fourteen (14) days.

IT IS SO ORDERED.

DATED: September 29, 2017.

_____
UNITED STATES DISTRICT JUDGE