UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.J. MINNICK,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF VACAVILLE; REINELDA LOPEZ,<br><br>        Defendants. | No. 2:16-cv-00397-KJM-CKD<br><br>ORDER |

Plaintiff A.J. Minnick, a teacher who suffers from quadriplegia, was on a field trip with his students when he alleges he was forced to veer his wheelchair off a dangerously sloping sidewalk into the street's shoulder. At that very moment, defendant Reinalda Lopez opened her car door and accidentally struck plaintiff, injuring him and damaging his wheelchair. Plaintiff sues Lopez for negligence and the City of Vacaville ("City") for its unsafe sidewalks. Lopez has agreed to settle plaintiff's negligence claim for $25,000.00 and now moves for an order determining her settlement is in "good faith" under California Code of Civil Procedure § 877.6. Mot., ECF No. 36. Plaintiff filed a statement of non-opposition. ECF No. 38. The City opposed. Opp'n, ECF No. 44. Lopez did not file a reply. As explained below, the court DENIES Lopez's motion, without prejudice.

////

I. BACKGROUND

　　A. Facts

Plaintiff often encounters dangerous sidewalk slopes that make it difficult for him to travel safely around the City in a wheelchair. First Am. Compl. ("FAC"), ECF No. 40, ¶ 6. On the day at issue, March 12, 2015, plaintiff was on a field trip with his students when he again says he was forced to veer off the sidewalk in his wheelchair, transferring into the shoulder to avoid the dangerous sidewalk conditions. *Id.* ¶¶ 17-20. This time Lopez, who was parked in the area of the shoulder, opened her door into him, injuring plaintiff's arm, leg and shoulder, damaging his wheelchair and his cell phone, and embarrassing him in front of his students. *Id.* ¶¶ 20-25. Plaintiff sought medical treatment and he still suffers emotional and physical harm. *Id.* ¶¶ 24, 29. Lopez has filed some of plaintiff's medical bills from Sutter Health for services he received between March 17, 2015 and October 20, 2015, totaling $1,537.62. Wetters Decl. Ex. C (ECF No. 36 at 39-43). The record contains no other proof of injuries or liability, nor any proof of costs incurred after that date range.

　　B. Procedure

Plaintiff filed this lawsuit in February 2016, seeking damages from both Lopez and the City based on his injuries. ECF No. 1. Plaintiff initially asserted three claims against the City for violations of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and California's Disabled Persons Act, as well as a negligence claim against both the City and Lopez.

Lopez has agreed to settle the negligence claim for $25,000.00, her insurance limit. Mot. at 3. She has moved for a court order determining that this settlement was made in good faith. Mot. (Sept. 20, 2017). Two weeks later, in response to this court's partial dismissal order, plaintiff filed the operative first amended complaint. Order, ECF No. 39 (Sept. 29, 2017); FAC (Oct. 2, 2017). The operative complaint adds two more claims against the City for violations of California Government Code sections 835 (creating a dangerous condition of public property) and 815.6 (violating a mandatory duty). *Id.* ¶¶ 31, 41, 47, 55, 65. The operative complaint also reasserts a negligence claim, but in this instance against Lopez only, not against the City. *Id.* ¶¶ 53-54. The court asked the parties to clarify whether this change moots Lopez's

motion because the motion asks that the court determine a settlement involving one of several joint tortfeasors was made in good faith, while Lopez appeared now to be a solo tortfeaser. Min. Order, ECF No. 49 (Feb. 7, 2018). The parties clarified that given the nature of the statutory claims asserted against the City, the parties "mutually agree that . . . the First Amended Complaint still operates to identify the City of Vacaville and Reinelda Lopez as joint tortfeasors and therefore the . . . 'good faith' analysis applies to the pending motion." Joint Status Report, ECF No. 50 at 1 (Mar. 6, 2018). Given this representation, which the court accepts, the court resolves the motion here.

III. LEGAL STANDARD

Under California Code of Civil Procedure section 877.6, a court may discharge a settling party from future liability in a case "in which it is alleged that two or more parties are joint tortfeasors[.]" Cal. Code Civ. Proc. § 877.6(a)(1). "A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." *Id*. § 877.6(c).

To reach a good-faith determination, the court must assess whether the settlement figure falls within a reasonable range. *See PacifiCare of Cal. v. Bright Med. Assocs., Inc.*, 198 Cal. App. 4th 1451, 1464 (2011). The California Supreme Court has established six criteria to guide this analysis. *See Tech-Bilt, Inc. v. Woodward-Clyde & Associates*, 38 Cal. 3d 488 (1985). The court should assesses whether a settlement falls within a reasonable range by (1) approximating plaintiff's total recovery and comparing that sum to the settlor's proportionate liability; (2) analyzing the basis for the agreed-upon settlement sum; (3) recognizing a settling defendant may fairly pay less than he would if found liable at trial; (4) scrutinizing how settlement proceeds are allocated among multiple plaintiffs; (5) factoring in the settlor's financial condition and insurance policy limits; and (6) ascertaining if there is any evidence of collusion, fraud or tortious conduct intended to injure the non-settlors. *Id.* at 499-500.

/////

Formal discovery is sometimes required to fully assess the *Tech-Bilt* factors, as the court needs some evidentiary basis for evaluating proportionate liability and total approximate recovery. *Cf. City of Grand Terrace v. Superior Court*, 192 Cal. App. 3d 1251, 1263-65 (1987) (noting "[w]ithout the facts, in a contested hearing, it is impossible for a court to exercise its discretion in an appropriate fashion"; concluding "evidence will be intelligently assessed" after formal discovery). Ultimately, the party opposing settlement has the burden of proof to show it was not made in good faith. Cal. Civ. Proc. Code § 877.6(d).

As explained below, the court has insufficient evidence to evaluate the first and most vital *Tech-Bilt* factor. A good faith determination would therefore be premature.

IV. ANALYSIS

The first *Tech-Bilt* factor sets the foundation for the good faith analysis; it involves approximating plaintiff's total recovery and defendants' proportionate fault. *Tech-Bilt*, 38 Cal. 3d at 499; *Long Beach Mem'l Med. Ctr. v. Superior Court*, 172 Cal. App. 4th 865, 873 (2009) (emphasizing importance of assessing proportionate liability before any good-faith determination; finding trial court abused its discretion by not doing so), *as modified* (Apr. 1, 2009). Courts scrutinize the settlement sum against these approximations to ensure the settlement fairly represents the settlor's comparative fault. Cal. Civ. Proc. Code § 877.6(c). This step is critical because a good faith determination bars joint tortfeasors from later suing the settling defendant for indemnity or comparative fault. *Id.* § 877.6(c). The City contends that without any discovery, there is insufficient evidence to show the proposed settlement covers Lopez's proportionate liability. Opp'n at 4-5.

On the record before it, the court agrees. Based on the evidence provided, the court cannot approximate plaintiffs' total recovery or apportion liability between Lopez and the City, as required for a good-faith analysis. *Tech-Bilt*, 38 Cal. 3d at 499; *Long Beach*, 172 Cal. App. 4th at 873. Although Lopez submits with her declaration plaintiff's medical records and expenses for some of his injuries, ECF No. 36 at 41-43 (Ex. C), as well as proof of her own insurance policy, *id.* at 45-53 (Exs. D-E), she submits no evidence approximating plaintiff's recovery for property damage to his wheelchair and cell phone, or for future damages, each of

which plaintiff specifically seeks in his complaint. *See* FAC ¶ 24 (describing ongoing pain, injury, and damage such as inability to properly use his arms or his service animal), ¶ 29 ("Plaintiff has suffered and will continue to suffer property damage, physical and emotional injury, difficulty, discomfort, inconvenience, embarrassment, frustration and fear"). Lopez concedes there may be additional medical expenses for which she has no proof. Mot. at 4 (referencing possible $7,000.00 Medi-Cal bill, but admitting she has no receipts or bills). Although $25,000.00 ultimately may be reasonable, the record is too sparse at this early stage to support that conclusion. *Cf. Tech-Bilt*, 38 Cal. 3d at 499-500 (declaration from experienced settlement negotiator used to approximate total recovery); *Nutrition Now, Inc. v. Superior Court*, 105 Cal. App. 4th 209, 213 (2003) (expert testimony used to approximate total recovery); *Espinoza v. Moreno*, No. 1:08-cv-00931-OWW/SMS, 2008 WL 5246024, at *6 (E.D. Cal. Dec. 17, 2008) (noting insufficient evidence for good-faith determination where settlor merely speculated as to total approximate recovery).

There is also no evidence before the court demonstrating an apportionment of liability between Lopez and the City. Considerations of comparative fault are essential in contested good faith determinations. *Torres v. Union Pac R.R. Co.*, 157 Cal. App. 3d 499, 509 (1984) (emphasizing importance of approximating liability before deciding if settlement figure is proportionate); *cf. Frary v. Cty. of Marin*, No. 12-cv-03928-MEJ, 2015 WL 3776394, at *3-4 (N.D. Cal. June 16, 2015) (finding settlement in good faith only after considering "the total liability for [p]laintiff's negligence claims against both City and County defendants"); *Schaeffer v. Gregory Village Partners, L.P.*, No. 13-cv-04358-JST, 2015 WL 1885634, at *3 (N.D. Cal. Apr. 24, 2015) (finding settlement in good faith only after determining extent of liability is *de minimis*). Without evidence apportioning liability, it would be an abuse of discretion for the court to conclude the settlement sum here fairly reflects Lopez's share of fault. *TSI Seismic Tenant Space, Inc. v. Superior Court*, 149 Cal. App. 4th 159, 168-69 (2007) (reversing court's good faith determination for "abuse of discretion" where court did not consider evidence on proportionate liability); *Toyota Motor Sales U.S.A., Inc. v. Superior Court*, 220 Cal. App. 3d 864, 871 (1990) ("where there is no substantial evidence to support a critical assumption as to the nature and

extent of a settling defendant's liability, then determination of good faith upon such assumption is an abuse of discretion.").

In sum, although mindful that section 877.6 aims to encourage pretrial settlement, a good faith determination where there is no evidence apportioning defendants' share of liability, as here, would not advance this goal. *See TSI Seismic*, 149 Cal. App. 4th at 168. Without such evidence, the court cannot conclude this settlement was reached in good-faith. *Tech-Bilt*, 38 Cal. 3d at 499-500.

V.  CONCLUSION

For the reasons provided, Lopez's motion is DENIED without prejudice subject to renewal with the requisite supporting evidence.

This resolves ECF No. 36.

In light of the age of this case, the court sets a scheduling conference for **May 24 2018, at 2:30 p.m.** The parties shall file a joint status report covering all the items required by the court's initial scheduling order, ECF No. 3 at 2-3, no later than seven days prior.

IT IS SO ORDERED.

DATED: April 17, 2018.

_____
UNITED STATES DISTRICT JUDGE